# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**TRAWICK CONSTRUCTION COMPANY, LLC,**

    Plaintiff,

v.                                                               Civil Action No. 2:16-cv-24
                                                                  (BAILEY)

**MODERN CABLE TECHNOLOGY, INC., and**
**AMERISURE INSURANCE,**

    Defendants/ Third-Party Plaintiffs,

v.

**K&D CONSTRUCTION, INC., and**
**AUTO-OWNERS INSURANCE COMPANY,**

    Third-Party Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before this Court is Third-Party Defendant K&D Construction, Inc.'s ("K&D") Motion to Dismiss, filed on June 21, 2016 [Doc. 21], and plaintiff Trawick Construction Company, LLC's ("Trawick") Motion for Leave to File Memorandum of Law in Opposition to Motion to Stay [Doc. 28], filed on July 20, 2016. Amerisure Insurance ("Amerisure") and Modern Cable Technology, Inc. ("Modern Cable") filed a Response to the Motion to Dismiss [Doc. 26] on July 5, 2016. K&D filed a Reply [Doc. 27] on July 12, 2016. Having been fully briefed, this matter is now ripe for adjudication. This Court has reviewed the record and the arguments of the parties and, for the reasons set out below, **ORDERS** that K&D's Motion to Dismiss is **GRANTED**. Additionally, this Court **GRANTS** Trawick's Motion

1

for Leave to File Memorandum of Law in Opposition to K&D's Motion to Stay [Doc. 28] and has considered the arguments set forth in the Memorandum of Law in Opposition to K&D's Motion to Stay [Doc. 30].

I. **Factual and Procedural History**

This declaratory judgment action is related to another action pending in front of this Court: **Watson v. Meece, et al.** [2:14-cv-93 (Elkins Division)]. There, Watson alleges that he was injured on the job while installing fiber optic cable during his employment with L&M Communication ("L&M") [2:14-cv-93, Doc. 68 at ¶¶ 14-30]. The parties in this action are, by and large, defendants in the **Watson** action and are connected to one another by a series of contractor and subcontractor agreements as to the project where Watson was injured [2:14-cv-93, Id.] [Doc. 5]. On the project:

> "Frontier hired defendant Windstream, Windstream Supply and/or Windstream KDL, and/or Mountain to install fiber optic cable along a nine-mile stretch of wooden poles in Lewis County, West Virginia. Thereafter . . . Windstream, Windstream Supply and/or Windstream KDL hired defendants King Communications, Bluestream, Trawick and other contractors to perform work on the [project]. . . . King Communications hired and/or sub-contracted defendant L&M Communication, to assist with the [project].

[2:14-cv-93, Doc. 68 at ¶¶ 15-16]. Additionally, K&D was a subcontractor of Modern Cable, while Modern Cable was a subcontractor to Trawick [Doc. 5 at 13, ¶ 14]. In the **Watson** action, Trawick allegedly, "acted as a contractor for the fiber optic installation project in Lewis County, West Virginia, and undertook various assignments," on the project where Watson was injured [2:14-cv-93, Doc. 68].

In the aftermath of the **Watson** filing, Trawick initiated the instant declaratory judgment action against Modern Cable and Amerisure [Doc. 1]. Trawick seeks a

2

declaration that it and others are owed a defense and indemnity from Modern Cable and/or Amerisure in connection with the claims brought by the plaintiff in *Watson* [Doc. 1]. Modern Cable and Amerisure then filed a Third-Party Complaint, where they seek a declaration that if Trawick is entitled to the relief sought in the Declaratory Judgment Complaint, Modern Cable and/or Amerisure are entitled to similar relief from K&D and Auto-Owners Insurance Company [Doc. 5 at 10-17]. Specifically, the Third-Party Complaint alleges:

> "should this Court conclude that Amerisure and/or Modern Cable must indemnify and defend Trawick and/ or Windstream for these contractually assumed obligations, then K&D and Auto-Owners should defend and indemnify Modern Cable for these obligations, as assumed through K&D's contract with Modern Cable."

[Id. at 13, ¶ 14].

This Motion to Dismiss the Third-Party Complaint [Doc. 21] followed on June 21, 2016. There, K&D contends that the Third-Party Complaint fails to state a claim upon which relief can be granted, because it seeks, "an improper advisory opinion [and] does not present a justiciable controversy" [Doc. 22 at 1]. In the alternative, K&D requests that this Court stay or bifurcate the third party claims of Modern Cable and Amerisure, pursuant to Fed. R. Civ. P. 42(b) [Id.]. Modern Cable and Amerisure contend in their Response that, "[t]he Third-Party Complaint at issue involves precisely the type of claims envisioned by Rule 14(a) of the Federal Rules of Civil Procedure as '. . . derivatively based on the original plaintiff's claim . . .'" [Doc. 26 at 1 (internal citations omitted)]. Accordingly, they argue that the Motion to Dismiss should be denied [Id. at 6]. In its Reply, K&D contends that, "Modern Cable's third-party complaint is not ripe, derivatively based on the original complaint of Trawick Construction Company, or otherwise properly the subject of this third party action"

3

[Doc. 27 at 1].

## II. Motion to Dismiss Standard

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is *plausible* on its face.' **Bell Atl. Corp. v. Twombly**, 127 S. Ct. 1955, 1974 (2007) (emphasis added)." **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243-44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995). In **Twombly**, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Id*. at 1964-65, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id*. at 1974.

## III. Discussion

A. The Relationship Between the K&D and Modern Cable/ Amerisure:

Before delving further into the analysis, this Court first notes that the relationship between K&D and Modern Cable/ Amerisure is governed by a subcontractor agreement,

4

related to the project at issue in the *Watson* case [Doc. 5-1]. Specifically, section 6 of the Subcontractor Agreement is labeled "Hold Harmless," and states:

> "The Subcontractor [K&D] agrees to **protect, defend and indemnify the Contractor [Modern Cable] against and hold the Contractor harmless for any and all claims, demands, liabilities, losses, expenses, suits and actions (including attorney's fees) for or on account of any injury to any person**, or any death at any time resulting from such injury, or any damage to any property, which may arise (or which may be alleged to have risen) out of or in connection with the work covered by this subcontract even though such injury, death, or damage may be (or may be alleged to be) attributable in part to negligence or other fault on the part of the Contractor or his officers, agents or employees. If Contractor reasonably believes that Subcontractor will or has caused a claim to be made or a lien to be filed against Contractor's Property, Contractor may retain any and all monies due Subcontractor and make such payment to Subcontractor and claimant jointly. **The obligation of the Subcontractor to indemnify and hold the Contractor harmless shall not be enforceable if and only if it be determined by arbitration or judicial proceeding that the injury, death or damage complained of was attributable solely to the fault or negligence of the Contractor or his officers, agents, or employees and not in any manner or in any part attributable to the Subcontractor**. The Subcontractor agrees to reimburse the Contractor for all sums which the Contractor may pay or be compelled to pay in settlement of any claim hereunder, including any claim under the provisions of any workmen's compensation law or any plan for employees' benefits which the Contractor may adopt. The Contractor shall be entitled to withhold from payment otherwise due pursuant to this subcontract such amount or amounts as may be reasonably necessary to protect it against the liability for any personal injury, death or property damage resulting from the performance of the work hereunder."

[Id. at § 6 (emphasis added)]. As acknowledged by Modern Cable in the Third-Party Complaint, "[K&D, through] Auto-Owners [Insurance Company] has assumed the defense of Modern Cable in the *Watson* [l]awsuit" [Doc. 5, p. 15 at ¶ 25]. Therefore, K&D is fulfilling its contractual obligations as it currently exists. However, the primary thrust of Modern Cable's Third-Party Complaint is that K&D has a contractual obligation to defend and indemnify the parties that seek indemnification from Modern Cable, i.e., Trawick,

Windstream and Frontier [Doc. 5]. As outlined below, the requested relief is contingent upon the outcome of the underlying case, and other facts which may or may not exist.

> B. <u>The Third-Party Complaint is Not Ripe for Consideration, and Must be Dismissed</u>:

"The ripeness doctrine is invoked to determine whether a dispute has yet matured to a point that warrants decision." 13B Charles Wright, Arthur R. Miller, Edward H. Cooper, *et al.*, **Federal Practice and Procedure**, § 3532, p. 365 (2008). "A claim is not ripe for adjudication if it rests upon "'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" **Texas v. United States**, 523 U.S. 296, 300 (1998) (internal citations omitted). As the Honorable Frederick P. Stamp, Jr. noted in **CSX Transp., Inc. v. Phillips**, 2015 WL 9581432 at *5-6 (N.D. W. Va. Dec. 29, 2015) (*citing* **Nat'l Park Hospitality Ass'n v. Dep't of Interior**, 538 U.S. 803, 807 (2003)), "[t]he ripeness doctrine, under which a court may refuse to exercise its jurisdiction, originates from both constitutional limitations and prudential considerations." In the context of a contingent insurance indemnification dispute, like the instant matter, the Honorable Judge Joseph R. Goodwin of the Southern District of West Virginia has noted that, "[i]ndeed, '[a] declaration that A must indemnify B if X comes to pass has an advisory quality; and if the decision would not strictly be an advisory opinion (anathema under Article III) it could be a mistake, because it would consume judicial time in order to produce a decision that may turn out to be irrelevant.'" **Camden-Clark Mem. Hosp. Corp. v. St. Paul Fire & Marine Ins. Co.**, 717 F.Supp.2d 529, 540 (S.D. W. Va. 2010) (*citing* **Lear Corp. v. Johnson Elec. Holdings Ltd.**, 353 F.3d 580, 583 (7th Cir. 2003)).

First, Modern Cable denies that it has a duty to indemnify and defend Trawick,

Windstream, and Frontier in the underlying claim. In their Response to this Motion to Dismiss, Modern Cable states: "[w]hile Modern Cable and Amerisure dispute that Trawick is entitled to the relief sought in the declaratory judgment action it initiated, **if they are wrong**, then Modern Cable and/or Amerisure would be entitled to indemnity from K&D for these claims pursuant to the terms of its subcontract with Modern Cable" [Doc. 26 at 4 (emphasis added)]. Modern Cable/ Amerisure readily admit that the relief they seek from K&D in the Third-Party Complaint is contingent upon Trawick succeeding in the declaratory judgment action. Therefore, K&D is only obligated to indemnify and defend Modern Cable if Modern Cable's primary defense in this case fails. Accordingly, because K&D does not have a direct contractual relationship with Trawick, Windstream and Frontier, K&D's obligations to those entities is contingent on the outcome of the case against Modern Cable. Modern Cable's argument against K&D is therefore hypothetical and not subject to declaratory relief.

Additionally, Modern Cable's argument in the Third-Party Complaint is also contingent on the outcome of the *Watson* case. In the *Watson* action, Modern Cable/ Amerisure filed an additional Third-Party Complaint against K&D, wherein they allege a number of the same claims that they allege in this matter [2:14-cv-93, Doc. 236]. In its Sixth Affirmative Defense to that Complaint in the underlying litigation, K&D contends that, "its alleged obligation to indemnify and hold . . . Modern Cable harmless is not enforceable because it will be determined by judicial proceeding that the alleged injury of [Watson] was attributable to the fault or negligence of [Modern Cable] and not [K&D]." [2:14-cv-93, Doc. 253, p. 9]. Accordingly, until the underlying action is resolved and the issue of each party's liability or non-liability is assessed, this Court cannot possibly ascertain whether Modern

Cable/ Amerisure is entitled to the relief sought in the instant Third-Party Complaint.

This Court's conclusion is similar to the one Judge Stamp reached in **Phillips**. There, this Court denied a declaratory judgment request, in part because the party seeking a declaratory judgment on an alleged indemnification obligation "ha[d] not suffered an adverse ruling or final judgment from which it could seek indemnification." 2015 WL 9581432 at *6. This Court stated that "[t]o grant the relief [to the party seeking a declaratory judgment], at this stage, would be premature. This case clearly involves 'uncertain and contingent future events that may not occur as anticipated, or indeed may not occur at all.'" **Id.** Judge Stamp's methodology applies to this action, as Modern Cable/ Amerisure has not, "suffered an adverse ruling or final judgment from which it could seek indemnification," in the underlying action. As such, whether K&D must indemnify and hold harmless Modern Cable depends on a finding by the trier of fact in the **Watson** case as to whether Mr. Watson's injury "was attributable solely to the fault or negligence of [Modern Cable]" [Doc. 5-1 at § 6]. If the facts ultimately support K&D's position, it will owe no duty of indemnification to Modern Cable. If K&D owes no duty of indemnification to Modern Cable, then the question raised by Modern Cable (i.e., whether K&D's duty to defend Modern Cable includes a duty to satisfy Modern Cable's obligations to Trawick, Windstream and Frontier) is moot. As such, this matter is not ripe for this Court's consideration at this time.

### IV.    Conclusion

Accordingly, based upon the above, this Court hereby **GRANTS** the K&D's Motion to Dismiss the Third-Party Complaint **[Doc. 21]**, and the Third Party Complaint **[Doc. 5, in part]** is hereby **DISMISSED WITHOUT PREJUDICE**. As an additional matter, this Court

**GRANTS** Trawick's Motion for Leave to File Memorandum of Law in Opposition to K&D's Motion to Stay **[Doc. 28]** and has considered the arguments set forth in the Memorandum of Law in Opposition to K&D's Motion to Stay [Doc. 30] in resolving this matter.

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** August 15, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE